IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAMMY A. OWENS,

        Plaintiff,

vs.                                            Civil Action 2:11-CV-102
                                               Judge Economus
                                               Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

This is an action institute under the provisions of 42 U.S.C. §§ 405(g), 1383 for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income.  This matter is now before the Court on plaintiff's *Statement of Specific Errors*, Doc. No. 17, the Commissioner's *Memorandum in Opposition*, Doc. No. 20, and plaintiff's *Reply*, Doc. No. 21.

Plaintiff Tammy A. Owens filed the current, her fourth, application for benefits on November 10, 2005, alleging that she has been disabled since November 1, 2005 by reason of physical and mental impairments.  The application was denied initially and on reconsideration and plaintiff requested a *de novo* hearing before an administrative law judge.

On June 30, 2009, plaintiff, represented by counsel, appeared and testified at an administrative hearing, as did Steven S. Rosenthal, who testified as a vocational expert.  In a decision dated August 20, 2009, the administrative law judge found that, despite plaintiff's severe impairments, she nevertheless has the residual functional capacity for a reduced range of medium work.  Relying on the testimony

of the vocational expert, the administrative law judge also found that this residual functional capacity permitted the performance of plaintiff's past work as a fruit inspector or, alternatively, a significant number of jobs in the national economy. The administrative law judge therefore concluded that plaintiff was not disabled within the meaning of the Social Security Act.

That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on December 13, 2010.

Plaintiff was 51 years of age at the time the administrative law judge issued her decision. She has a high school education; she has not worked since her alleged date of onset.

Plaintiff testified that she cannot work because of problems with her back and because of anxiety and depression. A.R. 306. She specifically complained of pain in her back, shoulders, legs and neck. A.R. 307. She characterized her pain as a 9 on a 10-point scale despite medication and physical therapy. A.R. 308.

Plaintiff has suffered mental impairments for almost 25 years. A.R. 309. She has seen psychiatrists "off and on" during that entire period. A.R. 324. She feels that people are talking about her; she is forgetful. A.R. 310. She experiences panic attacks twice per week, during which she cries and her palms sweat. She calms herself by lying down for an hour. A.R. 324. Her current treating psychiatrist, Timothy Conrad, M.D., prescribes medication. She acknowledged, however, that she has received Xanax from multiple sources and that she has been discharged from treatment because of misuse of the drug. A.R. 311.

Plaintiff also testified that she uses a nebulizer multiple times per day for chronic obstructive pulmonary disease {"COPD"], A.R. 313,

2

although plaintiff has apparently never undergone a pulmonary function study.  A.R. 307.

Plaintiff experiences no negative side effects from her medications.  A.R. 314.

According to plaintiff, she can sit for 30 minutes before having to get up and move around.  A.R. 316.  She can stand for 20 minutes.  *Id*.  She cannot walk half a block.  Id.  She cannot lift 5 pounds.  *Id.*  Beginning 6 months prior to the administrative hearing, plaintiff has relied on a home health care aide for help with her activities of daily living.  A.R. 317.  She also goes shopping with the aide.  A.R. 318-19.  On a typical day, plaintiff works puzzles and reads.  *Id.*, A.R. 320.  She has no friends and does not socialize with family except her daughter.  A.R. 321.

Plaintiff has been diagnosed and treated for generalized anxiety disorder, depressive disorder, nos, and personality disorder, nos, since at least July 2004.  A.R. 134.  Stewart Fern, M.D., a psychiatrist at Six County, Inc., noted in November 2004 that plaintiff was alert and oriented; there was no depresssion or evidence of psychosis.  *Id*.  He prescribed Paxil and Xanax.  *Id*.  At plaintiff's next office visit four months later, Dr. Fern noted that plaintiff was responding well to her medication.  A.R. 133.  She was again alert and oriented; there were no signs of depression or evidence of psychosis.  *Id*.  In February 2006, Dr. Fern commented that, when plaintiff "is under stress she has panic attacks."  A.R. 128.  Office notes also reflect issues of requests by plaintiff for early refills of medication, *see, e.g.*, A.R. 129, 131, and in April 2006, plaintiff was terminated from treatment at Six County, Inc., and referred to another community mental health agency or private psychiatrist.  A.R. 127.

3

In May 2006, a state agency specialist reviewed the psychiatric evidence and concluded that the record did not evidence a severe mental impairment. A.R. 135. That assessment was affirmed by another state agency psychologist in November 2006 after plaintiff had failed to appear for a consultative examination. A.R. 150-53.

In July 2006, plaintiff presented to an emergency room for what was diagnosed as anxiety and "possibly Xanax withdrawal." A.R. 138.

An x-ray of the lumbar spin performed in July 2006 revealed some minor degenerative changes. A.R. 143.

In August 2006, plaintiff re-instituted treatment at Community Mental Health Center after her family physician discontinued her psychiatric medication. Plaintiff requested psychiatric services but did not request counseling. A.R. 149. At the initial assessment, plaintiff reported a history of depression and mental health services and complained of nightmares and anxiety. A.R. 245. She also reported good support by her boyfriend and a good relationship with her daughter. *Id*. Although Antonia Fitzgerald, M.D., a psychiatrist, apparently indicated that plaintiff was "[d]isabled unable to work," A.R. 242, she also rated plaintiff's current GAF at 55 and her highest GAF in the past year at 65. *Id*.

In December 2006, a state agency physician reviewed the evidence and concluded that the record documented a back disorder and obesity. Referring to the July 2006 findings that plaintiff's gait, strength and neurological examination were normal, this physician opined that plaintiff had the residual functional capacity for medium exertion. A.R. 155. However, in light of the documented minor degenerative changes and limited range of motion, she should never climb ladders, ropes or scaffolds. A.R. 156, 159.

In February 2007, plaintiff underwent a consultative

4

psychological evaluation, upon referral from the Department of Job and Family Services, by Gary Wolfgang, Ph.D. Plaintiff complained of insomnia and anxiety and reported a history of panic attacks. A.R. 257. Dr. Wolfgang noted a euthymic mood and an appropriate affect. There were no delusions. Dr. Wolfgang diagnosed a panic disorder without agoraphobia, r/o anxiolytic dependence, and a histrionic personality. *Id*. He rated plaintiff's GAF at 35 and indicated that plaintiff was "unemployable." *Id.* In a mental function capacity assessment, Dr. Wolfgang opined that plaintiff was "markedly limited" or "extremely limited" in a number of work-related areas of functioning. A.R. 256.

In a December 2007 office visit at Community Mental Health Center, plaintiff was oriented to all spheres, exhibited a euthymic mood and normal affect, was cognitively intact and evidenced no psychosis. A.R. 231. Although medication and individual counseling were recommended, plaintiff was "currently only participating in pharmacological services to maintain her current level of stability. . . ." *Id*. Her GAF was rated 55. *Id.* At a March 2008 office visit, plaintiff was again alert and oriented. Her mood was mildly dysphoric and her affect was normal. She was cognitively intact and manifested no psychotic symptoms. Her insight and judgment were fair. A.R. 226. She was warned again of the consequences of benzodiazepine abuse. *Id.* In September 2008, plaintiff's mood was euthymic and her affect was normal. She had no psychotic symptoms and her insight and judgment were good. A.R. 222.

Plaintiff also treated with psychiatrist George Moses, D.O., in late 2008. A.R. 162-66. Issues with plaintiff's use of Xanax continued during that period of time. *Id*.

Plaintiff began treatment for a variety of impairments by David

5

Klein, M.D., in August 2008. She asked for and was prescribed Xanax. A.R. 177, 168. In August 2008, Dr. Klein diagnosed hypertension, hyperlipidemia, GERD, depression and anxiety. A.R. 176. The following month, noting wheezing, Dr. Klein also diagnosed COPD. A.R. 171-72. Plaintiff also asked that Dr. Klein refer her to a psychiatrist. A.R. 177.

In November 2008, plaintiff saw Timothy Conrad, D.O., a psychiatrist at Community Mental Healthcare. A.R. 180-81. Plaintiff asked that her Xanax be increased. A.R. 180. On clinical examination, Dr. Conrad noted that plaintiff's affect was restricted and her mood was dysphoric. She manifested no psychotic symptoms. Dr. Conrad diagnosed major depression, recurrent and moderate, and an anxiety disorder, nos. Although her current GAF was 50, which is suggestive of serious symptomotology, her highest GAF in the past year was 55, which is suggestive of moderate symptomotology. A.R. 219. *See also* A.R. 231. Dr. Conrad prescribed Xanax, but required that plaintiff sign a "Benzodiazepine contract," and warned plaintiff that there would be no early refills. A.R. 180. In December 2008, it was specifically noted that plaintiff had no problems related to her social environment, nor did she have educational or occupational problems. A.R. 219. In June 2009, plaintiff reported that her "meds are working at this time." A.R. 214. Dr. Conrad diagnosed major depression disorder, recurrent and moderate, anxiety disorder, nos, hypertension, gastric reflux and "chronic bronchitis from smoking in the past." *Id*.

In June 2009, Dr. Klein indicated that he based his diagnosis of COPD on plaintiff's "vital signs" and history. A.R. 280. According to Dr. Klein, plaintiff was limited to low stress jobs by reason of her "limited ability to cope." A.R. 281. In an assessment of

6

plaintiff's residual functional capacity, Dr. Klein indicated that plaintiff could walk one block, could sit for 20 minutes at a time, for a total of at least six hours, and could stand for 20 minutes at a time, for less than 2 hours in a workday. A.R. 282. She could only occasionally lift less than 10 pounds. *Id.* She must avoid all environmental pollutants. A.R. 283.

In her decision, the administrative law judge found that plaintiff's severe impairments consist of obesity, minor degenerative disc disease, hyperlipidemia, hypertension, anxiety, depression and a history of a personality disorder. A.R. 16. The administrative law judge expressly excluded COPD because the record contains to objective testing to support the diagnosis and GERD because the condition, even if it had been supported by objective testing, would have had no more than a minimal effect on plaintiff's ability to work. A.R. 18 n.2.

The administrative law judge went on to find that plaintiff's mental impairments neither met nor equaled an impairment under Listings 12.04 (affective disorders), 12.06 (anxiety disorders) or 12.08 (personality disorders) because the record did not establish that plaintiff's mental impairments met the "B" criteria of those Listings, A.R. 20, nor did they meet the "C" criteria of Listings 12.04 or 12.06. Id.[1]

Relying on the assessment of the state agency physician, the administrative law judge found that plaintiff has the residual functional capacity to perform a reduced range of medium work. Specifically, plaintiff could not climb ladders, ropes or scaffolds and must avoid concentrated exposure to respiratory irritants. She would be limited to low stress work, *i.e.*, simple, non-public tasks

---

[1]Listing 12.08 does not include "C" criteria.

requiring no more than occasional, superficial interaction with others. A.R. 22. The administrative law judge rejected Dr. Klein's June 2009 residual functional capacity assessment as "inconsistent with the medical evidence of record, including his own treatment notes. A.R. 24.

> For example, as of June 16, 2009, the date of this opinion, Dr. Klein had last seen the claimant on April 14, 2009, and the physical examination from that day revealed no complaints of an no clinical findings of respiratory problems. In addition, it is noted that Dr. Klein had only a limited picture of the claimant's longitudinal history, as he had only seen her on four occasions and thus did not have a long term treatment relationship. Dr. Klein also clearly based his findings on the clamant's subjective complaints, which have not been found fully credible . . . . Further, Dr. Klein completed a "pulmonary" functional capacity form, yet the diagnosis of COPD is not supported by any objective testing and thus is not even a medically determinable impairment.

A.R. 24 (citations to record omitted). Instead, the administrative law judge attributed weight to Dr. Klein's assessment only to the extent that he suggested that plaintiff could perform simple work. *Id.*

The administrative law judge also expressly rejected Dr. Wolfgang's opinion of disability as "inconsistent with the evidence of record as a whole, including any analysis of the 'B' and 'C' criteria and this doctor's own report." A.R. 24.

> It appears that this assessment was based primarily on the claimant's subjective complaints, which cannot be found to be fully credible . . . . Further, it appears that Dr. Wolfgang considered the claimant's alleged physical impairments, which a psychologist is not qualified to do. Dr. Wolfgang also only examined the claimant on one occasion for a welfare consultative examination and did not have a long term treating relationship. Last, his opinion that the claimant was unemployable addresses an area that is reserved to the Commissioner.

8

A.R. 25 (citations to record omitted).

Finally, the administrative law judge found that the objective evidence does not support plaintiff's subjective allegations.

> The record does contain complaints of back and leg pain and evidence of minor degenerative changes; nevertheless, physical examinations have been remarkable primarily for the lack of objective findings. Examinations have revealed essentially normal results with no neurological deficits, no atrophy, and normal gait and normal sensation . . . . [C]laimant has had entirely conservative and non-aggressive treatment with only medications and a brief course of physical therapy. Further, despite the claimant's reports of level 9 pain at the time of the hearing, she was able to attend the hearing proceedings closely and fully without any observable difficulty or interference from her alleged severe pain level.

*Id.* In considering plaintiff's subjective complaints of mental impairments, the administrative law judge found:

> . . . the claimant also infrequently reported any psychological problems. This seems to confirm that her psychotropic medications adequately control her symptoms. Further, it appears that the claimant's self-referrals to mental health providers were related to her seeking the medication Xanax and/or to bolster her disability claim rather than solely due to the severity of her anxiety or depression.

A.R. 26. The administrative law judge also considered the substantial evidence of plaintiff's drug-seeking behavior and non-compliance with treatment recommendations. A.R. 28. Finally, in finding that plaintiff's subjective complaints were not fully credible, the administrative law judge recounted plaintiff's numerous inconsistent and/or exaggerated statements throughout the record. A.R. 28-29.

Plaintiff challenges each of these findings and conclusions.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings

9

of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.,* 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff first complains that the administrative law judge failed to include COPD, GERD and urinary incontinence among plaintiff's severe impairments. As noted *supra,* the administrative law judge expressly considered COPD and GERD but found that the record contained no objective documentation of those conditions. In any event, the residual functional capacity found by the administrative law judge – which restricted exposure to respiratory irritants – reasonably accommodated a pulmonary impairment, regardless of the diagnosis of that impairment. Moreover, plaintiff points to no evidence that either GERD or urinary incontinence "significantly limits [plaintiff's] physical or mental ability to do basic work

activities, ... ." *See* 20 C.F.R. §416.920(c). The findings of the administrative law judge in this regard are supported by substantial evidence.

Plaintiff next complains that the administrative law erred in finding that plaintiff's mental impairments neither meet nor equal Listings 12.04 or 12.08. The administrative law judge exhaustively considered plaintiff's claimed mental impairments by reference to Listings 12.04, 12.06 and 12.08, but concluded that plaintiff's impairments neither met nor equaled any of those Listings. A.R. 20-22. Plaintiff's conclusory argument in this regard offers no detail whatsoever why the findings of the administrative law judge lack substantial support in the record. The Court concludes that this claim is without merit.

Plaintiff also complains that the administrative law judge improperly rejected the opinions of the consultative psychological examiner, Dr. Wolfgang, who assigned a GAF of 35 and who opined that plaintiff is "unemployable." A.R. 257. As noted *supra*, however, Dr. Wolfgang's specific findings included a euthymic mood and an appropriate affect. There were no delusions. *Id*. The administrative law judge rejected Dr. Wolfgang's opinion of disability as "inconsistent with the evidence of record as a whole, including any analysis of the 'B' and 'C' criteria and this doctor's own report." A.R. 24. The administrative law judge also found that the opinion of this one-time examining psychologist was based primarily on plaintiff's subjective complaints, took into account medical complaints beyond his area of expertise and addressed an area reserved to the Commissioner. A.R. 25. An administrative law judge is not required to accept the opinions of a medical source where those opinions are not accompanied by sufficient clinical and diagnostic

11

findings. *See* 20 C.F.R. §416.927(d)(3). Moreover, treatment notes from Community Mental Health Center often noted minimal symptoms and GAF scores of 55 or higher, despite plaintiff's diagnoses. This Court concludes that the administrative law judge did not err in rejecting Dr. Wolfgang's extremely restrictive opinions.

Plaintiff also complains that the administrative law judge improperly disregarded the medical opinions of plaintiff's treating physician, Dr. Klein. To be afforded controlling weight, the opinion of a treating physician must be well-supported by medically acceptable clinical and laboratory diagnostic techniques, and must not be inconsistent with other substantial evidence in the record. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007); 20 C.F.R. § 416.927(d)(2). In weighing the opinions of a treating physician, an administrative law judge is required to consider factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 416.927(d)(2) – (6); *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). Even where the administrative law judge declines to accord controlling weight to the opinion of a treating physician, the administrative law judge "must still determine how much weight is appropriate. . . ." *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009). Moreover, an administrative law judge must provide "good reasons" for discounting the opinions of a treating physician, *i.e.,* "reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, at 242, citing Soc. Sec. Rul. 96-2p, 1996 WL 374188,

at *5. As the administrative law judge noted, Dr. Klein's restrictive assessment of plaintiff's condition and ability to engage in work-related employment were undermined by his own treatment notes and the other objective evidence of record. For example, his diagnosis of COPD lacks any objective support in the record and it appears, as the administrative law judge found, that Dr. Klein based much of his assessment – not on clinical findings – but on plaintiff's subjective complaints. Moreover, plaintiff's mild degenerative changes and normal neurological findings do not support his restrictive assessment of plaintiff's ability to engage in work-related activities. In short, the Court concludes that, in not fully adopting Dr. Klein's opinions, the administrative law judge applied all appropriate standards and based her decision on substantial evidence.

In a somewhat related argument, plaintiff contends that the administrative law judge failed to develop a full and fair record as to the opinions of Drs. Wolfgang and Klein:

> Of course, an ALJ is not required to discuss every piece of medical evidence, but the ALJ must discuss enough of that evidence to enable the reviewing court to determine whatever substantial evidence supports the determination that claimant's impairments do not render a claimant disabled.

*Statement of Specific Errors*, p. 15. For the reasons state *supra*, the Court concludes that the administrative law judge did not, in considering the opinions of Drs. Wolfgang and Klein, fail to fully develop the record.

Next, plaintiff argues that the finding that plaintiff is able to perform a "full range" of medium work is not supported by substantial

13

evidence.[2] To the contrary, the opinion of the state agency physician, upon which the administrative law judge expressly relied in making this determination, provides substantial support for this finding.

Finally, plaintiff challenges the administrative law judge's credibility determination. An administrative law judge is not required to accept a claimant's subjective complaints, but may instead properly consider the credibility of a claimant. *See Walters v. Commissioner of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Because the administrative law judge has the opportunity to observe a witness' demeanor while testifying, her credibility determinations are accorded great weight and deference. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001). However, credibility determinations must be clearly explained. *Auer v. Secretary of Health and Human Servs.,* 830 F.2d 594, 595 (6th Cir. 1987). If the administrative law judge's credibility determinations are explained and enjoy substantial support in the record, the Court is without authority to revisit those determinations. *See Beavers v. Secretary of Health, Educ. and Welfare,* 577 F.2d 383, 386-87 (6th Cir. 1978). *See also Felisky v. Bowen,* 35 F.3d 1027 (6th Cir. 1994). In the case presently before the Court, the administrative law judge exhaustively considered the issues surrounding plaintiff's credibility and her subjective symptoms. A.R. 25-29. She applied the appropriate standards and clearly explained her credibility findings, which enjoy substantial support in the record. This Court is without authority to reject those findings.

In short, and having carefully reviewed the entire record, the Court concludes that the decision of the Commissioner is supported by substantial evidence and must therefore be affirmed.

---

[2] The administrative law judge actually found that plaintiff has the residual functional capacity for a reduced range of medium work. A.R. 22.

It is therefore **RECOMMENDED** that the decision of the Commissioner be affirmed and that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

          *s/Norah McCann King*
          Norah M<sup>c</sup>Cann King
          United States Magistrate Judge

February 8, 2012