**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TAMMY OWENS,**

          **Plaintiff,**                                   **Civil Action 2:11-CV-102**

          **v.**                                         **Judge Peter C. Economus**

**COMMISSIONER OF**                        **Magistrate Judge King**
**SOCIAL SECURITY,**

          **Defendant.**

**OPINION AND ORDER**

Plaintiff seeks review, under 42 U.S.C. § 405(g), of the denial by the Commissioner of Social Security of her application for Supplemental Security Income. On February 8, 2012, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed, reasoning that the decision enjoys substantial support in the record. *Report and Recommendation*, Doc. No. 22. This matter is now before the Court on plaintiff's objection to that recommendation. *Objection*, Doc. No. 23. The Commissioner has filed a response to that objection. *Response,* Doc. No. 24. The Court will consider the matter *de novo. See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff suffers severe physical and mental impairments but that she has the residual functional capacity to perform prior relevant work or, alternatively, a significant number of other jobs. In her objections, plaintiff argues only that the administrative law judge erred in rejecting the opinion of Gary Wolfgang, Ph.D., a consultative psychological examiner who opined that plaintiff is disabled by reason of her mental impairments.

Dr. Wolfgang examined plaintiff in February 2007 upon referral from the Department of Job and Family Services. He reported specific clinical findings of euthymic mood, an appropriate affect and no delusions. A.R. 257. However, Dr. Wolfgang assigned a Global Assessment of Functioning ("GAF") of 35 and indicated that plaintiff is "unemployable." *Id*. In an assessment of plaintiff's

mental functional capacity, Dr. Wolfgang indicated that plaintiff is "markedly limited" or "extremely limited" in a number of work-related areas of functioning.  A.R. 256.

The ALJ rejected Dr. Wolfgang's opinion of disability and assessment as "inconsistent with the record as a whole, including any analysis of the 'B' and 'C' criteria and this doctor's own report."  A.R. 24.  The ALJ also found that this opinion and assessment were based primarily on plaintiff's subjective complaints, which the ALJ found to be not entirely credible, took into account plaintiff's alleged physical impairments, which fell into an area beyond the psychologist's expertise, and – in his characterization of plaintiff as "unemployable" – intruded into an area reserved to the Commissioner.  A.R. 25.

The Magistrate Judge concluded that the ALJ did not err in rejecting Dr. Wolfgang's extremely restrictive opinions.

> An administrative law judge is not required to accept the opinions of a medical source where those opinions are not accompanied by sufficient clinical and diagnostic findings.  *See* 20 C.F.R. §416.927(d)(3).  Moreover, treatment notes from Community Mental Health Center often noted minimal symptoms and GAF scores of 55 or higher, despite plaintiff's diagnoses.

*Report and Recommendation*, p. 12.

Plaintiff complains that the ALJ failed to expressly articulate the portions of the record or those aspects of Dr. Wolfgang's own report that were inconsistent with his opinion and assessment. However, a fair reading of the ALJ's decision makes clear that, as the Magistrate Judge noted, treatment notes from at least some of plaintiff's own mental health care providers, *see, e.g.*, A.R. 133, 134, 222, 231, and Dr. Wolfgang's own clinical findings of euthymic mood, an appropriate affect and no delusions were inconsistent with his extremely restrictive assessment of plaintiff's ability to engage in work-related activities.  This Court agrees that the ALJ did not err in her evaluation of Dr. Wolfgang's opinion and assessment.

It is true that the record in this action reflects conflicting psychiatric and psychological evidence.  However, it is for the Commissioner – not this Court – to resolve those conflicts.  *See Mullins v. Sec'y of Health and Human Services*, 836 F. 2d 980, 984 (6th Cir. 1987).  This Court concludes that the ALJ in this case applied all appropriate standards and that the findings and conclusions of the ALJ are supported by substantial evidence.  Under these circumstances, the Court is required to affirm the decision of the Commissioner of Social Security.  *See Richardson v. Perales,* 402 U.S. 389 (1971).

Plaintiff's *Objection*, Doc. No. 23, is **DENIED**.  The *Report and Recommendation*, Doc. No. 22, is **ADOPTED AND AFFIRMED**.  The decision of the Commissioner is **AFFIRMED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

/s/ Peter C. Economus
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

3